UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

Case No. 26-cv-11823
Hon. Matthew F. Leitman

_____/

### ORDER DENYING PLAINTIFF'S MOTION
### FOR RECUSAL AND REASSIGNMENT (ECF No. 12)

On June 2, 2026, Plaintiff Mutaz Alshara, proceeding *pro se*, filed this action in which he brings civil claims against Defendant United States of America. (*See* Compl., ECF No. 1.)  Alshara says that his Complaint is related to an action that he filed earlier this year, *Alshara v. United States*, No. 26-10912 ("*Alshara I*") that was summarily dismissed. (*See id.*, PageID.1.)  He says that the pleading "deficiency" that led to the dismissal of *Alshara I* "is now cured" in his current Complaint. (*Id.*)

Now before the Court is Alshara's Motion for Recusal and Reassignment Pursuant to 28 United States Code Section 455. (*See* Mot., ECF No. 12.)  He has also filed a supplemental brief in support of his motion. (*See* Supp. Br., ECF No. 16.)  For the reasons explained below, the motion is **DENIED**.

1

**I**

Alshara brings his motion for recusal under 28 U.S.C. §§ 455(a), (b)(1). Those statutes provide that a district judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § §§ 455(a), (b)(1). The test for recusal under these statutes is an objective one: "a judge must disqualify himself 'where a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *Burley v. Gagacki*, 834 F.3d 606, 616 (6th Cir. 2016) (quoting *United States v. Adams*, 722 F.3d 788, 837 (6th Cir. 2013)).  Because the standard is objective, a judge need not recuse him or herself based on the subjective view of a party. *See United States v. Sammons*, 918 F.2d 592, 599 (6th Cir. 1990).

The analysis of a recusal motion starts from the premise that a federal district judge "is presumed to be impartial." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (citing *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006)).  Thus, "[t]he burden is on the moving party to justify disqualification." *Burley*, 834 F.3d at 616 (citing *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999)).  And the burden is "substantial." *Denton*, 434 F.3d at 1111 (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)).  Moreover, a

2

party seeking disqualification faces an "uphill battle" where, as here, the party claims that the bias "ar[o]se during the course of current or prior proceedings." *Burley*, 834 F.3d at 616 (citing *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)). Indeed, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Further, "the Supreme Court held that 'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" *Wilson v. Parker*, 515 F.3d 682, 701 (6th Cir. 2008) (citing *Liteky*, 510 U.S. at 555).

Insofar as Alshara suggests that recusal is required under the Constitution, "[t]he Due Process Clause demarks only the outer boundaries of judicial disqualifications." *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 889 (2009). Under the Due Process Clause, "[r]ecusal is required when, objectively speaking, 'the probability of actual bias on the part of the judge or decisionmakers is too high to be constitutionally tolerable.'" *Rippo v. Baker*, 137 S. Ct. 905, 907 (2017) (per curiam) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (2016)). "Recusal 'questions are, in most cases, answered by common law, statute, or the professional standards of the bench and bar.'" *United States v. Liggins*, 76 F.4th 500, 506 (6th Cir. 2023) (quoting *Bracy v. Gramley*, 520 U.S. 899, 904 (1997)).

## II

Alshara argues that recusal is required because in a different, unrelated case, the Court entered an order requiring Alshara to show cause as to why he should not be enjoined as a vexatious litigant (the "Show Cause Order"). (*See* Show Cause Order, *Alshara v. All Pro Logistics, LLC*, No. 26-11929, ECF No. 5.)  Alshara says that in the Show Cause Order, the Court "specifically cited" *Alshara I* "by name and case number as one of nine cases constituting evidence that Plaintiff 'has recently filed a large number of cases that fail to state claims, are repetitive, and/or are frivolous.'" (Mot., ECF No. 12, PageID.78-79.)  Alshara argues that this statement in the Show Cause Order constitutes "an opinion about the nature and character of Plaintiff's litigation that encompasses the very claims at issue here" and "creates the appearance that the merits of this case have been prejudged." (*Id.*, PageID.81.)  He also argues that the Court's comments about his filings in general in the Show Cause Order support an inference that the Court cannot be impartial in this case. (*See id.*, PageID.80-81.)  The Court disagrees.

First, the Court's identification of *Alshara I* as one of the baseless actions filed by Alshara does not evidence any unfair bias by the Court.  On the contrary, it was entirely accurate and fair for the Court to observe that *Alshara I* was one of nine cases filed by Alshara that had been summarily dismissed, and it was equally fair for

4

the Court to observe that the filing of nine baseless actions appeared to constitute a pattern of baseless litigation.

Second, as Alshara, himself, contends, the claims here are not the ones found deficient in *Alshara I*. Indeed, he insists that he has "cured" the problems that the Judge presiding over *Alshara I* identified with his Complaint in that action. Alshara has not presented any persuasive argument as to why this Court cannot fairly review the sufficiency of his new and purportedly-improved claims here.

In sum, while the Court expressed a reasonable view (in the Show Cause Order) of Alshara's claims in *Alshara I*, the Court has not expressed any view of the revised claims in this action, and Alshara has not carried his heavy burden of showing that the Court cannot fairly and objectively review his new claims. For these reasons, recusal of the Court is neither required nor appropriate in this action. Alshara's Motion for Recusal (ECF No. 12) is **DENIED**.

      **IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126

5