UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

Plaintiff,

Case No. 26-cv-11823
Hon. Matthew F. Leitman

v.

UNITED STATES OF AMERICA,

Defendant.

______________________________________________________________________/

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; (2) SUMMARILY DISMISSING ACTION; AND (3) TERMINATING AS MOOT PLAINTIFF'S PENDING MOTIONS (ECF Nos. 4, 5, 13, 14)**

Within the past six months, Plaintiff Mutaz Alshara,[1] proceeding *pro se*, has filed at least 17 lawsuits against over 50 Defendants in the United States District Court for the Eastern District of Michigan. During this same time period, he has also filed several additional lawsuits in Michigan state courts, and at least three of those cases have been removed to this Court. Alshara's allegations range from claiming that the United States government coerced Apple, Inc. into censoring his speech on Apple's platforms, to seeking to hold Iraq and Lebanon liable for their anti-LGBTQ+ policies, to disputing charges on his credit card. He has sued the

[1] In some cases, Alshara's name is stylized "Mutaz Al-Shara" or "Mutaz Majeed Al-Shara." Here, the Court uses the name provided by Alshara in his Complaint in this case. (*See* Compl., ECF No. 1.)

governments of five different countries, in addition to many other individual and corporate Defendants.

In this case, Alshara brings claims against the United States Government and two former Department of Government Efficiency ("DOGE") employees. He alleges that these Defendants committed a wide range of tortious conduct and constitutional violations by institutionalizing Alshara, failing to investigate his reports of criminal activity – "including employee impersonation, telecommunications interception, human resource manipulation, and human trafficking," as well as his "report of approximately $40,000 in gold stolen from him during an armed robbery in Iraq in 2007" – and failing to protect him and his family from anti-LGBTQ animus. (Proposed Second Am. Compl., ECF No. 15, PageID.98, 108.)

After Alshara filed this Complaint, in connection with another one of Alshara's cases, the Court enjoined Alshara from filing further claims without leave of court because it found that Alshara had "engaged in a pattern of filing repetitive, frivolous, or vexatious cases warranting the imposition of prefiling restrictions." *Alshara v. All Pro Logistics, LLC*, No. 26-cv-11929, 2026 WL 2087287, at *2 (E.D. Mich. July 20, 2026).[2]

[2] Because the Court issued that order after Alshara filed this Complaint, the restrictions on Alshara that the Court imposed in that order do not apply in this case.

The Court has now completed its review of this case as required by 28 U.S.C. § 1915(e)(2). For the reasons explained further below, it concludes that this is yet another baseless filing by Alshara. The action is therefore **SUMMARILY DISMISSED**.

## I

The Court begins with Alshara's application to proceed *in forma pauperis* and without the prepayment of fees and costs (the "IFP Application"). (*See* IFP Application, ECF No. 2.) Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement […] of any suit, action, or proceeding […] by a person who submits an affidavit that includes a statement of all assets […] that the person is unable to pay such fees[.]" *Id.*

In the IFP Application, Alshara reports an approximate monthly income of $920.21 and $15.06 in cash, checking, or savings. (*See* IFP Application, ECF No. 2, PageID.17-18.) The Court has reviewed the IFP Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Alshara. The Court therefore **GRANTS** the IFP Application and permits Alshara to proceed *in forma pauperis*.

## II

### A

The Court is required to screen all complaints filed by plaintiffs proceeding *in forma pauperis* and dismiss those that (i) are frivolous or malicious, (ii) fail to state a claim upon which relief may be granted, and/or (iii) seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court is obligated to liberally construe documents filed by pro se plaintiffs, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim). The Court will therefore dismiss a complaint that does not state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

### B

By Alshara's own admission, this case is a re-filing of a case that has been previously and separately dismissed by at least three other federal judges. (*See* Proposed Second Am. Compl., ECF No. 15, PageID.29; Compl., *Alshara v. United States of America*, Case No. 26-10912, ECF No. 1, PageID.3-6.) The most recent version of this case was dismissed by District Judge Susan K. DeClercq on April 24,

2026. *See Alshara v. United States*, No. 26-10912, 2026 WL 1122328 (E.D. Mich. Apr. 24, 2026). In that case, Alshara brought many of the same claims that he brings here under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b) and 2671 *et seq*. and an implied cause of action recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[3] Judge DeClercq dismissed Alshara's claims under the FTCA "for failure to show exhaustion of administrative remedies or for frivolity and failure to state a claim upon which relief can be granted." *Alshara v. United States*, 2026 WL 1122328, at *4. She dismissed Alshara's claims under *Bivens* "for frivolity or failure to state a claim upon which relief can be granted." *Id.* at *6.

Alshara says that his new filing "cures every deficiency identified by" Judge DeClercq in the prior case. (Proposed Second Am. Compl., ECF No. 15, PageID.30.) Specifically, Alshara says:

[3] In addition to filing an initial Complaint in this case, Alshara has also filed a motion for leave to file a "supplemental complaint" and a motion to file a Second Amended Complaint, as well as proposed amended pleadings. (*See* ECF Nos. 5, 9, 13, 15.) The Court analyzes and references Alshara's Proposed Second Amended Complaint (ECF No. 15) because it presumably reflects his best effort to allege viable claims. Alshara's Proposed Second Amended Complaint lists ten Counts. The Court identifies Counts I, II, III, IV, VII, VIII, and IX as largely identical to claims that he brought in the prior action before Judge DeClercq. Counts V, VI, X, XI, and XII appear to be new claims.

> Administrative exhaustion is independently established through ten Standard Form 95 claims filed with ten federal agencies between October 21, 2025 and December 11, 2025, all deemed denied by operation of 28 United States Code Section 2675(a). The Bivens counts now name specific federal officials as defendants in their individual capacities and plead discriminatory purpose with particularity.

(*Id.*)

Alshara's Proposed Second Amended Complaint raises new claims, too. Specifically, he says that

> [t]his Complaint also raises new claims arising from the government's failure to protect Plaintiff from credible, ongoing threats of lethal anti-gay violence — including death threats from Plaintiff's own siblings, a gunshot fired at Plaintiff's fiancé's residence, and the selective enforcement of identical anti-gay statements where Plaintiff's neighbor was charged with terrorism while Plaintiff's brother was not charged at all.

(*Id.*)

**C**

The Court will separate Alshara's claims into two categories: (1) his FTCA claims (Counts I-VI) and (2) his *Bivens* claims (Counts VII-XII).

**1**

First, the Court addresses Alshara's FTCA claims (Counts I-VI of his Proposed Second Amended Complaint).

The first four of these Counts are largely identical to the claims that were previously dismissed by Judge DeClercq in the predecessor case. As noted above,

Judge DeClercq dismissed those claims "for failure to show exhaustion of administrative remedies or for frivolity and failure to state a claim upon which relief can be granted." *Alshara v. United States*, 2026 WL 1122328, at *4.

Alshara claims that he has cured the deficiencies in his FTCA claims identified by Judge DeClercq because "administrative exhaustion is independently established through ten Standard Form 95 claims filed with ten federal agencies between October 21, 2025[,] and December 11, 2025, all deemed denied by operation of 28 United States Code Section 2675(a)." (Proposed Second Am. Compl., ECF No. 15, PageID.30.) He says that "[t]he exhaustion table and supporting exhibits were filed with the original Complaint in this action at Docket Entry 1 and are incorporated herein by reference. This exhaustion is independent of and in addition to the United States Senate denial letter dated November 19, 2025 that was the sole exhaustion evidence before The Honorable Judge DeClercq." (*Id.*, PageID.97.) But Alshara's initial Complaint located at ECF No. 1 says: "The exhaustion table and supporting exhibits are set forth in the Amended Complaint at Paragraphs 13 through 14 and Exhibits 1 through 10." (Compl., ECF No. 1, PageID.2.) The Court is unable to identify – in any of Alshara's filings in this case or in his predecessor case – any "exhaustion table" or "supporting exhibits" that show Alshara exhausted any additional claims with any federal agency. Alshara

therefore has not cured the deficiency that was a basis for Judge DeClercq's initial dismissal of the claims that he now lists as Counts II, III, and IV.

Further, failure to administratively exhaust his claims was only part of the rationale for those claims' dismissal. Several of the FTCA claims were also dismissed "for frivolity and failure to state a claim upon which relief can be granted." *Alshara v. United States*, 2026 WL 1122328, at *4. Count I of Alshara's Proposed Second Amended Complaint (which was also Count I in the predecessor case), a claim that United States Senator Gary Peters' office "negligently refus[ed] to accept and process [Alshara's] civil rights complaints" (Proposed Second Am. Compl., ECF No. 15, PageID.106), was dismissed because "senators do not owe a duty to investigate individuals' complaints." *Alshara v. United States*, 2026 WL 1122328, at *6 (citing *Stamper v. United States*, No. 1:08CV2593, 2008 WL 4838073, at *3 (N.D. Ohio Nov. 4, 2008)). Similarly, Counts III and IV of the Proposed Second Amended Complaint (which involve alleged failures to investigate Alshara's reports of human trafficking and foreign threats) were dismissed in the predecessor case because "[e]ven if Alshara could establish that he exhausted administrative remedies . . . they are still subject to dismissal because the FBI and DHS do not owe civilians legal duties to investigate." *Id.* at *4 n.4. Alshara does not – nor does he claim to – cure these deficiencies in this new action.

For these reasons, Alshara has not cured any of the deficiencies underlying the previous dismissal of Counts I-IV of his Proposed Second Amended Complaint. The Court therefore **SUMMARILY DISMISSES** these claims.

Alshara also adds two new FTCA claims in his Proposed Second Amended Complaint: Count V ("FTCA Negligence – Negligent Facilitation of Involuntary Servitude under the Thirteenth Amendment") and Count VI ("FTCA Negligence – Failure to Protect from Hate-Motivated Violence"). These claims suffer from the same flaws as Alshara's other FTCA claims, and the Court will dismiss them for the same reasons. First, the Court cannot discern from Alshara's absence of attachments that Alshara exhausted his administrative remedies as to these claims. Second, and more importantly, these claims, too, appear predicated on government officials' alleged failure to investigate Alshara's various civil rights complaints (*see, e.g.*, Proposed Second Amended Compl., ECF No. 15, PageID.109 (attributing Alshara's "involuntary servitude" to "[t]he collective failure of ten federal agencies to investigate [his] reports")), and Alshara has provided no authority showing that the Government owes him a specific legal duty to investigate his reports. The Court therefore **SUMMARILY DISMISSES** Alshara's Counts V and VI.

**2**

The Court next turns to Alshara's *Bivens* claims (Counts VII-XII).

The Court begins with the *Bivens* claims that were previously dismissed by Judge DeClercq in the predecessor case. In Alshara's Proposed Second Amended Complaint, the following claims are largely identical to the prior dismissed claims: Count VII ("Fifth Amendment Due Process – Retaliatory Involuntary Commitment"), Count VIII ("Fifth Amendment Equal Protection – Sexual Orientation Discrimination"), and Count IX ("Denial of Access to Courts"). Judge DeClercq dismissed what is now pleaded as Count VII, Count VIII, and Count IX "because they are insufficiently pleaded," explaining that "*Bivens* claims must be brought against specific federal officials as the defendants" and Alshara "has not sued any defendant other then the United States." *Alshara v. United States*, 2026 WL 1122328, at *7. She also dismissed what is now pleaded as Count VIII, Alshara's Fifth Amendment equal protection claim for sexual orientation discrimination, because even though Alshara did "mention two DOGE employees by name, he does not contend that they were the people who allegedly refused his complaints, subjected him to surveillance, and so on." *Id.* at *8. Therefore, she concluded, "Alshara's conclusory, vague allegations do not state a plausible claim for relief in a civil rights action." *Id.* (citation omitted).

Alshara claims that he has cured the deficiencies in his *Bivens* claims identified by Judge DeClercq because "[t]he Bivens counts now name specific federal officials as defendants in their individual capacities and plead discriminatory purpose with particularity." (Proposed Second Am. Compl., ECF No. 15, PageID.30.) But Alshara's *Bivens* claims do not now name specific federal officials as defendants. (*See id.*, PageID.111-116.) While Alshara does name two former DOGE employees as Defendants in Count VIII, that claim appears to suffer from the exact same problem that Judge DeClercq identified in the predecessor case: while the two officials are named, Alshara does not contend that they took any action against him specifically or that they did so with a discriminatory purpose. The Court therefore concludes that Alshara has not addressed the underlying problems leading to the dismissal of his claims in the predecessor case, and this Court agrees with Judge DeClercq that Alshara's *Bivens* claims fail to state a claim upon which relief can be granted.

Finally, Alshara's new *Bivens* claims suffer from the exact same problem and must also be dismissed for failure to state a claim. Alshara brings the following three claims that were not addressed in the prior case: Count X ("Equal Protection – Selective Enforcement of Laws Against Anti-Gay Threats"), Count XI ("Substantive Due Process – State-Created Danger"), and Count XII ("Thirteenth Amendment – Badges and Incidents of Servitude through Identity-Based Psychiatric

Commitment"). These claims do not allege any conduct by any specific federal official. Thus, these claims are frivolous or do not entitle Alshara to his requested relief because "[d]amage claims against government officials for alleged violations of constitutional rights cannot be founded upon conclusory, vague, or general allegations, but must instead show what each defendant did to violate the plaintiff's rights." *Gollnick v. Michiga*n, No. 20-10645, 2020 WL 3868489, at *5 (E.D. Mich. July 9, 2020); *see also Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

For these reasons, the Court **SUMMARILY DISMISSES** Counts VII-XII of Alshara's Proposed Second Amended Complaint.

## III

For the foregoing reasons, the Court concludes that Alshara does not allege any viable claims in his Proposed Second Amended Complaint. Therefore, **IT IS HEREBY ORDERED** as follows:

(1) Alshara's Application to Proceed *in forma pauperis* (ECF No. 2) is **GRANTED**;

(2) This action is **SUMMARILY DISMISSED**; and

(3) Alshara's outstanding motions on the docket (ECF Nos. 4, 5, 13, and 14) are **TERMINATED AS MOOT**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 25, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126